UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIVA RAMA RAO KOTAPATI,<br><br>    Plaintiff,<br><br>    v.<br><br>HAE YOUNG KIM, and All Occupants of the Premises located at 18611 37th Dr. SE, Bothell, WA 98102,<br><br>    Defendant. | Case No. C17-0593RSL<br><br>ORDER TO SHOW CAUSE |

Plaintiff Siva Rama Rao Kotapati filed this unlawful detainer action in state court. On April 17, 2017, defendant Hae Young Kim removed the case to federal court alleging that the Court has jurisdiction based on an issue of federal bankruptcy law and/or diversity of citizenship.

A defendant in state court generally has the right to remove the case to federal court only if the case could have been filed originally in federal court (*i.e.,* on federal diversity or federal question grounds). See 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is on the removing party (Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009)), and the removal statutes are strictly construed against removal (Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014)). Although this Court has original jurisdiction over any civil action arising under federal law, the analysis focuses on plaintiffs' complaint, not defendant's answer.

ORDER TO SHOW CAUSE - 1

Under the "well-pleaded complaint" rule, plaintiff is the master of the complaint and has the option of avoiding removal by alleging only state law claims while ignoring available federal claims. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, n. 7 (1987); In re NOS Commc'ns, 495 F.3d 1052, 1057 (9th Cir. 2007). Plaintiff has done so here, asserting only state law causes of action. Federal law does not create the cause of action plaintiff sued upon, nor will a substantial question of federal law need to be resolved in order to grant the relief plaintiffs request. K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1029 (9th Cir. 2011). Defendant cannot create removability by pleading a defense or counterclaim which presents a federal question. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998); Retail Prop. Trust v. United Bhd. of Carpenters and Joinders of Am., 768 F.3d 938, 947 (9th Cir. 2014).

With regards to the assertion of diversity jurisdiction, defendant has not shown that the parties are citizens of different states or that the matter involves a claim in excess of $75,000 dollars. Defendant has not overcome the strong presumption against removal jurisdiction or satisfied his burden of setting forth the underlying facts supporting its assertion of diversity jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Defendant is hereby ORDERED TO SHOW CAUSE within fourteen days of the date of this order why this case should not be remanded. The Clerk of Court is directed to place this Order to Show Cause on the Court's calendar for May 5, 2017.

Dated this 20th day of April, 2017.

*[signature]*

Robert S. Lasnik
United States District Judge